**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| KEVIN SCOTT VARNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:06-CV-486 TS |
| | ) | |
| ED BUSS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

Kevin Scott Varner, a *pro se* prisoner, filed a motion to reconsider[1] this Court's order granting him habeas corpus relief and a supplement to it. Varner argues that he raised two grounds for relief and that the Court did not address his due process claim. First, Varner only raised one ground for relief in his habeas corpus petition.

> GROUND ONE: Whether the delay in commencement of Mr. Varner's state court sentence violates the due process clause of the Fourteenth Amendment of the United States Constitution and resulted in punishment on the installment plan.

Petition at ¶ 11, DE 1 at 4. Varner did not raise a second ground. Next, the court did address Varner's due process theory, though perhaps too obliquely for him. *Dunne v. Keohane*, 14 F.3d 335 (7th Cir. 1994), which was quoted at length in the Court's order (DE 52 at 7-8), clearly states that there was no Constitutional due process violation in this fact pattern.

> The common law rule has not been successfully invoked for many years, but we are not disposed to question its continued vitality in the core area of its application, when the government is trying to delay the expiration of the defendant's sentence. <u>It is only a rule of interpretation,</u> however--an attempt, though like another rule of interpretation of criminal statutes, the doctrine of entrapment, an attempt laden with considerations of policy, to divine the will of the legislature. <u>It is not a</u>

---

[1] It is unclear why the motion was docketed twice, but the motion docketed as DE 56 is identical to the motion docked as DE 57.

> constitutional command, although appeals are sometimes made, for the most part unavailingly, to notions of double jeopardy or due process.

*Dunne v. Keohane*, 14 F.3d 335, 336–37(7th Cir. 1994) (emphasis added).

Varner argues that the Court erred in not addressing the cases he cited which he claims have found a due process violation. It was unnecessary to address *Lerner v. Gill*, 751 F.2d 450 (1st Cir. 1985) or *Littlefield v. Caton*, 856 F.3d 344 (1st Cir. 1988), because they are cases from the First Circuit. This Court is in the Seventh Circuit, which has found no due process violation. Although the First Circuit can serve as persuasive authority in certain circumstances, where, as here, the Seventh Circuit has addressed a question, this Court is bound by its determinations. It was also unnecessary to address *Hannis v. Deuth*, 816 N.E. 2d 872 (Ind. Ct. App. 2004) or the Indiana Code:

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.

*Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (citations omitted).

Finally, Varner again tries to raise claims about his parole regarding his twenty year sentence. These arguments have been addressed in several prior orders. *See* DE 28, 47, and 52. This Court has held that Varner served his one year sentence while on parole and that it has now been completed. He has no claim against anyone because he was permitted (albeit improperly under Indiana law) to serve his one year sentence on parole rather than in jail. His twenty year sentence, its parole, and its parole revocations are not at issue in this case. Varner argues that he is worse off because, had the sentences been executed in the proper manner, he would have been discharged after six months in jail and six months on parole on the one year sentence. This argument is and always has been meritless. Varner was lawfully paroled on his twenty year sentence and he was lawfully

re-incarcerated when he violated his parole. His one year sentence does not change those facts. Although Varner believes that his current parole status is improper, nothing in this case has, could have, or can, alter it.

For the foregoing reasons, the Motions (DE 56 and 57) are **DENIED**.

SO ORDERED on July 26, 2007.

                               s/ Theresa L. Springmann
                               THERESA L. SPRINGMANN
                               UNITED STATES DISTRICT COURT
                               FORT WAYNE DIVISION